IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02342-WYD-CBS

JOHN DOE,
    Plaintiff,
v.

MARGARET HEIL, in her official capacity as Acting Manager of the Colorado Department of Corrections Sex Offender Treatment and Monitoring Program, and
ARISTEDES ZAVAROS [sic], in his official capacity as Executive Director of the Colorado Department of Corrections,
    Defendants.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

---

Magistrate Judge Shaffer

    THIS MATTER comes before the court on Plaintiff's Motion to Proceed Anonymously (doc. # 2) filed on October 29, 2008, contemporaneously with Plaintiff John Doe's Complaint (doc. # 1). On October 30, 2008, Plaintiff filed an Amended Complaint (doc. # 3). To date, no defendant has been served or entered an appearance in this action.

    Plaintiff's Amended Complaint presents a facial challenge to Colorado Department of Corrections policies that condition participation in sex offender treatment upon taking and passing a "treatment" polygraph examination. Having been convicted of a sex offense in 2002, the Plaintiff is serving an indeterminate sentence of six years to life. Plaintiff has served the minimum six years of that sentence and states that the duration of his sentence "is now predicated on participation and progression in statutorily mandated sex offender treatment." *See* Amended Complaint, at ¶¶ 3-4. Under Colorado law, a sex offender is required to undergo

1

treatment "to the extent appropriate." *See* C.R.S. § 16-17-105(1). Moreover, participation in a treatment program is an absolute prerequisite for a sex offender to be released on parole. *Beebe v. Heil*, 333 F. Supp.2d 1011, 1012 (D. Colo. 2004) (Daniel, J.). Plaintiff alleges that he has been excluded from Phase II of sex offender treatment because he has been deceptive on "treatment" polygraph examinations, and because he has not re-taken the polygraph or provided a full sexual history autobiography on the ground that the requested information would incriminate him. *See* Amended Complaint, at ¶¶ 19-20.

Plaintiff's first claim for relief asserts that the challenged policies that condition participation in sex offender treatment upon taking and passing a "treatment" polygraph examination impinge upon his Fourteenth Amendment liberty interest in continued treatment as a sex offender, whether in incarceration or on parole. *See* Amended Complaint, at ¶ 29. The second claim for relief alleges that Plaintiff's Fifth Amendment right against self-incrimination is violated by a Department of Correction policy that requires a sex offender to take and pass a polygraph and provide a sexual history autobiography, without any assurance of immunity for incriminating statements. *See* Amended Complaint, at ¶¶ 40 and 43. Finally, the Complaint includes a Substantive Due Process claim based upon a "cognizable liberty interest" in continued state-mandated sex offender treatment. As to the latter claim, Plaintiff insists that Defendants' promulgation and maintenance of the challenged policies "is so egregious, so outrageous that it may fairly be said to shock the contemporary conscience of a federal judge." *See* Amended Complaint, at ¶¶ 48 and 49. Plaintiff is seeking prospective equitable and injunctive relief in the form of a declaration that the challenged policies are null and void, an order reinstating Plaintiff to sex offender treatment, and an order that he not be penalized for asserting his Fifth

Amendment right.

Plaintiff seeks to proceed in this matter using the pseudonym "John Doe" because he is a convicted sex offender incarcerated among the general prison population within the Colorado Department of Corrections. Plaintiff states that he has witnessed sex offenders receive severe beating from other prisoners and fears that he would be subjected to similar assaults if his real name and status as a sex offender was disseminated within the general prison population. Plaintiff further argues that the potential danger to his well-being is exacerbated by his status as a chronic care inmate "holding the most severe medical rating," which is based upon a documented condition of congestive heart failure and the use of a pace maker to regulate his heart.

Rule 10(a) of the Federal Rules of Civil Procedure requires that each party to a lawsuit be named in the complaint. *See also* Fed.R.Civ.P. 17(a) (requiring that all civil actions "be prosecuted in the name of the real party in interest"). The foregoing requirements "protect the public's legitimate interest in knowing which disputes involving which parties are before the federal courts that are supported with tax payments and that exist ultimately to serve the American public." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). While case law recognizes that these Rules cannot be applied inflexibly, identifying a plaintiff only by a pseudonym is an "unusual practice." *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). The court has an independent duty to determine whether exceptional circumstances warrant a departure from the normal method of proceeding in federal courts. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Plaintiff's Motion requires the court to weigh competing considerations in exercising its

3

discretion. "[T]he public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The public's right of access includes the identity of the parties to litigation.

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*Doe v. Federal Bureau of Investigation*, 218 F.R.D. 256, 258 (D. Colo. 2003), quoting *M.M. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996), *aff'd*, 139 F.3d 798 (10th Cir. 1998).

Courts, however, have allowed anonymous proceedings in "exceptional cases involving matters of a highly sensitive and personal nature." *M.M. v. Zavaras*, 139 F.3d at 803. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). It may also be appropriate to allow a party to file under a pseudonym where identification would put the plaintiff in real danger of physical harm. *Femedeer v. Haun*, 227 F.3d at 1246.[1]

---

[1] Other case-specific factors that might influence the exercise of a court's discretion include:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests

Plaintiff's status as a convicted sex offender, without more, would not justify departing from the requirements of Rule 10(a). *Femedeer v. Haun*, 227 F.3d at 1246. *See also Gautier v. Department of Corrections of Oklahoma*, 2008 WL 1925066 (W.D. Okla. 2008) (denying plaintiff's motion to proceed under a pseudonym in an declaratory judgment action challenging the constitutionality of Oklahoma's sex offender registration statute). Presumably, Plaintiff's conviction is a matter of public record. As the Ninth Circuit noted in *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008),

> If the nature of Stoterau's offense alone could qualify him for the use of pseudonym, there would be no principled basis for denying pseudonymity to any defendant convicted of a similar sex offense. Such a significant broadening of the circumstances in which we have permitted pseudonymity is contrary to our long-established policy of upholding "the public's common law right of access to judicial proceedings.

*But see Fross v. County of Allegheny*, 2008 WL 4610290, *1 (W.D. Pa. 2008) (in a case challenging the constitutionality of a county ordinance that restricted the residency of registered sex offenders, held that the individual names of the plaintiff sex offenders would not effect the legal issues raised in the case); *Doe v. Tandeske*, 2003 WL 24085314, *2 (D. Alaska 2003) (in allowing the plaintiff, a convicted sex offender, to proceed anonymously in a lawsuit challenging the constitutionality of an Alaska statute that required the collection of DNA samples from individuals convicted of a felony sex offense, found no "special concern requiring that the public be made aware of Doe's identity . . . . Doe's status is of significance, but his identity is not of

---

are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993).

significance to the case").

The court, however, cannot ignore Plaintiff's assertion that disclosure of his identity will create a heightened risk of physical harm given his particular health conditions. The presumption favoring disclosure of a party's identity "can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d at 669. As a sex offender in the general prison population, Plaintiff may well face threats from other prisoners by virtue of his criminal record. *See, e.g., United States v. DeBeir*, 186 F.3d 561, 567 (4th Cir. 1999) (acknowledging that a defendant convicted as a sexual offender is potentially subject to heightened abuse and danger while incarcerated); *Ohlinger v. Watson*, 652 F.2d 775,779 (9th Cir. 1981) ("[s]ex offenders are looked upon as falling somewhere in the lower echelon of the inmate population and are, therefore, most susceptible to physical attacks from other inmates"); *United States v. Rausch*, 570 F. Supp.2d 1295, 1308 n.8 (D. Colo. 2008) (conceding that "violence against inmates, especially sex offenders, does occur and that vulnerable inmates are at greater risk of violence than typical inmate populations"). *But see United States v. Stoterau*, 524 F.3d at 1013 ("it is prison officials who have the primary responsibility to 'take reasonable measures to guarantee the safety of the inmates' and to 'protect prisoners from violence at the hands of other prisoners'"). In this case, Plaintiff contends that his heart condition and concomitant use of blood thinners and a pace maker substantially magnify the potentially harmful consequences of an attack by another inmate. In light of those particular facts, I find that *Femedeer* is distinguishable.

In balancing the harm to Plaintiff against the likely harm from concealment, it seems unlikely that Plaintiff's constitutional challenge will hinge on issues of credibility, as might be

6

the case if Plaintiff were seeking monetary damages. *Cf. Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's [sic] identities."). It also does not appear that Defendants' ability to conduct discovery or mount a defense would be impaired by allowing Plaintiff to proceed anonymously.

Accordingly, for the foregoing reasons, the court will grant Plaintiff's Motion to Proceed Anonymously (doc. # 2) and permit Plaintiff to proceed in this action with the anonymous name of John Doe. I will require that counsel for Plaintiff Doe provide the name of his client to defense counsel, but defense counsel is precluded from disclosing that information to any person or for any purpose absent leave of court. I recognize that the court is addressing the pending motion without the benefit of a response from the Defendants who have not yet been served with a summons and complaint. If Defendants conclude that Plaintiff's anonymity unduly hampers their defense of this case or if Defendants wish to challenge the factual representations underpinning Plaintiff's request for anonymity, they may file a motion to raise those concerns or request appropriate relief. *Cf. Does v. Rodriguez*, 2007 WL 684114 (D. Colo. 2007).

DATED this 13th day of November, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge