IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02342-WYD-CBS

JOHN DOE,

      Plaintiff,

v.

MARGARET HEIL, in her official capacity as Acting Manager of the Colorado
Department of Corrections Sex Offender Treatment and Monitoring Program; and
ARISTEDES ZAVAROS [sic], in his official capacity as Executive Director of the
Colorado Department of Corrections,

      Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Defendant's Combined Motion to Dismiss

and Memorandum Brief in Support of Motion to Dismiss filed February 5, 2009.

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).  A response

in opposition to the motion was filed on March 11, 2009, and a reply was filed on April 6,

2009.  For the reasons stated below, the motion to dismiss is granted.

II.    <u>BACKGROUND</u>

      This is a civil rights case filed pursuant to 42 U.S.C. § 1983 by a prison inmate.

Plaintiff John Doe (hereinafter "Doe" or "Plaintiff") is a sex offender incarcerated in the

Colorado Department of Corrections ("CDOC").  He is currently serving a sentence after

pleading guilty to a sex offense.[1]  Plaintiff alleges that as of July 2, 2008, he has served

the minimum term of his indeterminate sentence, and duration of incarceration is now

dependant upon his progression in state-mandated sex offender treatment.  (Am.

Compl., ¶ 4.)  Defendant Margaret Heil ("Heil") is an employee of the CDOC and is the

Program Administrator of the CDOC Sex Offender Treatment Program.  Defendant

Aristedes Zavaras ("Zavaras") is the CDOC Executive Director.

Doe brings three claims in this case.  Claim one is a facial challenge to the

CDOC policies requiring him to take a polygraph examination and provide a full sexual

history in order to participate in sex offender treatment. (Am. Compl. at ¶¶ 29-30).

Plaintiff alleges that "[t]he policies, which have caused the withholding of sex offender

treatment, impinge upon Plaintiff's U.S. Constitution Fourteenth Amendment liberty

interest in continued treatment as a sex offender, whether in incarceration or parole."

(*Id.*, ¶ 29.)  He further alleges that the policies are not reasonably related to legitimate

penological interests and are invalid.  (*Id.*, ¶ 31.)

Claim two alleges a Fifth Amendment violation.  Plaintiff alleges that his Fifth

Amendment right against compelled self-incrimination has been and continues to be

violated because statutorily mandated sex offender treatment with the opportunity to be

considered for parole and remain on parole is denied by application of Defendants'

---

[1]  While the Amended Complaint alleges that Doe "was convicted of a sex offense" (Doc. #2 at 2, ¶ 3), a review of the mittimus in his criminal case indicates that he in fact pled guilty to a sex offense. (Ex. A, Mittimus).  While this exhibit is a matter outside the pleadings, I agree with Defendant that this motion to dismiss need not be converted to a motion for summary judgment because a court may take judicial notice of court records from another case.  *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106 at 505 (1st ed. 1977 & Supp. 1997).

policy of not permitting sex offender treatment on the basis of invocation of the Fifth Amendment privilege against self-incrimination.  (*Id.*)  Claim three is a substantive due process in connection with a claimed liberty interest claim in continued state-mandated sex offender treatment.  (Am. Compl., ¶ 48.)  The complaint seeks a declaration that the CDOC policy is null and void, prospective injunctive relief reinstating him into sex offender treatment, and an order that he not be penalized for asserting his Fifth Amendment rights, as well as costs and attorney fees.  (Am. Compl. at p. 12).

Defendants move to dismiss Plaintiff's claims on two bases.  First, Defendants argue that Plaintiff's claims are time barred because they were not filed within two years of the date he knew or had reason to know of the injury which is the basis of this action. Second, Defendants argue that Plaintiff's claims fail as a matter of law.  I find for the reasons stated below that the claims are time barred under the applicable statute of limitations.  Accordingly, I need not address the second argument.

III.    ANALYSIS

A.    Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).  "A court reviewing the sufficiency of a complaint presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

> B.    Whether Dismissal is Appropriate in this Case Because the Claims Are Time-Barred

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two (2) year statute of limitations contained in Colo. Rev. Stat. § 13-80-102. *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).  "[W]hile state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Claims under § 1983 "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994); *see also Fratus*, 49 F.3d at 675 ("a civil rights action accrues when 'facts that would support a cause of action are or should be apparent'") (quotation omitted).

In the case at hand, Defendants argue that the gravamen of Doe's claims are that he was removed from sex offender treatment because he repeatedly failed a polygraph and failed to admit to committing a sex offense in order to receive treatment.

Specifically, Doe alleges that he was terminated from sex offender treatment on February 3, 2005 for failing a polygraph and for not retaking the polygraph because he might incriminate himself and assertion of his "Fifth Amendment privilege against self-incrimination." (Am. Civil Compl., ¶¶19-20). Doe filed his complaint on October 29, 2008, more that three and a half years after he was aware of the basis of his claims. Thus, Defendants argue that his claims are time barred.

Doe argues in response that the claims are not time-barred because the wrong alleged is the refusal to grant his requests for reinstatement into the sex offender treatment program. Plaintiff's Colorado Department of Corrections ("CDOC") Offender Grievances pertaining to that were filed on February 13, 2007 and August 31, 2007. (Am. Civil Compl., ¶¶ 20-23.) The grievances were treated as a refusal to reinstate Plaintiff into therapy, and it is argued that Defendants should be estopped to now argue otherwise. Further, Plaintiff asserts that Defendants have waived their argument that the facts giving rise to the grievances, and this cause of action, occurred in 2005.

In addressing this issue I must look to the allegations of the complaint to supply the relevant facts , not the arguments of counsel. *See Smith v. United States*, 561 F.3d 1090, 1103 (10th Cir. 2009 (""Under Rule 12(b)(6), the court looks 'to the specific allegations in the complaint to determine whether they plausibly state a legal claim for relief.") I find from Doe's allegations that the claims are time-barred. The Amended Complaint alleges:

> Despite repeated requests to re-enter therapy, Plaintiff has been kept out of treatment since February 3, 2005, to and including the present, nearly four years, (1) for failing the polygraph, and (2) for not re-taking the polygraph or providing a full sexual history autobiography on the grounds

that subject matter sought to be illicited [sic] would incriminate him,
asserting his Fifth Amendment privilege against self incrimination).

(Am. Civil Comp., ¶ 20).  From this allegation, it is clear that the injury that forms the

basis of this suit began on February 3, 2005, and that he was aware of the injury at that

time.

Further, in examining the gravamen of the claims, I find that they accrued on

February 3, 2005.  As noted above, claim one alleges that the policies which have

caused the withholding of sex offender treatment impinge upon Plaintiff's Fourteenth

Amendment liberty interest in continued treatment as a sex offender.  Similarly, claim

three alleges a substantive due process claim in connection with application of the

policies which Plaintiff asserts violate the statutory requirement of sex offender

treatment.  These policies were obviously known to Plaintiff as of February 3, 2005,

which he asserts as the beginning date that Defendants begun keeping him out of

treatment as a result of the policies.  Claim two relates to Plaintiff's Fifth Amendment

right against self-incrimination which he alleges was first violated by the CDOC's

requirement that he take the polygraph and provide a full sexual history. Again, Plaintiff

knew about this alleged violation beginning in February 2005 when he was kept out of

treatment for his refusal to comply with these requirements.

From the foregoing, I find from the allegations of the Amended Complaint that

the claims accrued in this case in February 2005, when Plaintiff first knew or had reason

to know of the injury that is the basis of the action, *i.e.*, being kept out of sex offender

treatment due to application of Defendants' policies.  Since this case was not filed until

October of 2008, it is time-barred under the two year statute of limitations. *See Preuss*

*v. Ritter*, No. 07-cv-00548-LTB-BNB, 2008 WL 877212, at *5 (D. Colo. March 27, 2008).

Plaintiff asserts, however, that the statute of limitations should accrue from the

date the grievances were filed in 2007, which grievances were treated by the CDOC as

requests for reinstatement into sex offender treatment.  He asserts that the CDOC

should be estopped from arguing otherwise.  Plaintiff also argues that because the

CDOC addressed his grievances even though they were filed after the expiration of the

30 day time limit for filing same, Defendants waived their argument that the facts giving

rise to the grievances, and this cause of action, occurred in 2005.

I reject Plaintiff's arguments.  The issue is when Plaintiff knew or should have

known about the injury which forms the basis of the claims.  As discussed above, this

occurred in February 2005 since this is the date that Plaintiff first knew of the facts that

would support his cause of action (refusal to reinstate him into the program).  The date

that Plaintiff filed his grievances or how the CDOC treated the grievances are not the

determinative facts since Plaintiff knew of his injury well before the filing of those

grievances.  Plaintiff's waiver and estoppel arguments are thus without merit, and the

motion to dismiss is granted on the basis that Plaintiff's claims are time-barred.

It is therefore

ORDERED that Defendant's Motion to Dismiss filed February 5, 2009, is

**GRANTED**, and this case is **DISMISSED**.

Dated:  September 28, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge