IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02342-WYD-CBS

JOHN DOE,

    Plaintiff,

v.

MARGARET HEIL, in her official capacity as Acting Manager of the Colorado Department of Corrections Sex Offender Treatment and Monitoring Program; and ARISTEDES ZAVAROS, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.

---

### ORDER ON MOTION TO AMEND JUDGMENT

---

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Judgment and Brief in Support Thereof (filed October 5, 2009). A response was filed on October 27, 2009, and a reply was filed on October 28, 2009. Plaintiff's motion was filed within ten (10) days of entry of judgment, which was entered on September 30, 2009. Accordingly, it is properly addressed under Fed. R. Civ. P. 59(e).

Plaintiff's motion essentially seeks reconsideration of the Court's Order of September 28, 2009, which granted Defendant's motion to dismiss on the basis that Plaintiff's claims were barred by the applicable two-year statute of limitations. There are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*

*v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997)("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that could have been raised before").

Turning to my analysis, I first note that Plaintiff does not specifically challenge my findings that claims involving his termination from the sex-offender treatment program are time-barred. Even if he is challenging these findings, I find no basis for amendment of my Order on this issue. The termination from treatment as pled in the Amended Complaint relates to Plaintiff's failure to pass polygraphs per a policy that polygraphs must be taken and passed as part of treatment. The Amended Complaint plainly alleges that Plaintiff was terminated based on his failure to pass the polygraphs on February 3, 2005, and that he has been kept out of treatment since that date for failing the polygraph. (Am. Comp., ¶¶ 19-20.) Based on these allegations, Plaintiff plainly knew or should have known in February 2005 of his injury related to termination from sex offender treatment based on Defendants' policies. Since his Complaint was filed more than two years later, on October 29, 2008, all claims related to this issue are time-barred and my previous Order stands on that issue.

I now turn to Plaintiff's real contention in his motion. Plaintiff asserts that he has pled facts sufficient to allow the Court to draw a reasonable inference of harm stemming

from Defendants' wrongful refusal to reinstate Plaintiff into sex offender treatment, separate and distinct from the original termination from treatment, citing paragraphs 1, 19-21, 24 and 25 of the Amended Complaint. I relied primarily on paragraph 20 of the Amended Complaint in finding that these claims were also barred because Plaintiff knew of the injury as of February 3, 2005. (*See* Sept. 28, 2009 Order at 5-6.) Plaintiff now argues that while paragraph 20 does reference the date of February 3, 2005, that date relates to the termination of Plaintiff's sex offender treatment for failing the polygraphs (as referenced in paragraph 19), not to Plaintiff's refusal to re-take a polygraph or provide a full and sexual history autobiography as required to re-enter treatment.

  I must view Plaintiff's allegations in the Amended Complaint under the plausibility standard of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and construe the allegations in the light most favorable to Plaintiff. Having done so, I now agree with Plaintiff that the allegations of the complaint are unclear as to the date(s) Plaintiff refused to re-take a polygraph and to provide his sexual history. It is certainly plausible that the dates related to his refusal to comply with these requirements for re-entry into the program could be *after* the date he was initially terminated from treatment. Further, it is unclear from the complaint when Plaintiff first knew of the policies which contained these requirements for re-entry into the program. Thus, it is unclear whether Plaintiff's claims are barred by the two-year statute of limitations. It appears that discovery is needed on this issue. To prevent manifest injustice, Plaintiff's motion to amend is granted to the extent it asks for reinstatement of Plaintiff's claims as they relate to

policies and/or alleged constitutional deprivations associated with the requirements of re-entry into the sex offender treatment program, *i.e.*, re-taking a polygraph and providing a sexual history.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Amend Judgment is **GRANTED IN PART AND DENIED IN PART**. In accordance therewith, it is

ORDERED that the Judgment shall be **AMENDED** to reflect that Plaintiff's claims are dismissed only to the extent they relate to Plaintiff's termination from the sex-offender treatment program and to the policies and alleged constitutional deprivations related to same. The Clerk of Court shall **REOPEN** the case and reinstate Plaintiff's claims to the extent they implicate policies and alleged constitutional deprivations related to Defendant's denial of Plaintiff's re-entry into the sex offender program based on Plaintiff's refusal to re-take a polygraph and provide a sexual history autobiography. It is

FURTHER ORDERED that since I did not consider the argument in Defendants' earlier motion to dismiss that the claims should be dismissed on the merits (only the statute of limitations argument was addressed), Defendants may refile a motion to dismiss on this issue if they wish.

Dated: March 26, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge