IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02342-WYD-CBS

JOHN DOE,

    Plaintiff,

v.

MARGARET HEIL, in her official capacity as Acting Manager of the Colorado Department of Corrections Sex Offender Treatment and Monitoring Program; and ARISTEDES ZAVAROS, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendants.

## ORDER ON MOTION TO AMEND

THIS MATTER comes before the Court on Plaintiff's Motion to Amend March 21, 2011, Order on Motion to Dismiss and Brief in Support Thereof filed April 13, 2011.  A response was filed on June 9, 2011, and a reply was filed on June 10, 2011.

The motion seeks to amend the Court's Order of March 21, 2011, which granted Defendants' motion to dismiss and dismissed the case with prejudice.  Plaintiff relies on Fed. R. Civ. P. 59(e) and argues, among other things, that the Court misapprehended or did not take into account his factual allegations and did not construe the allegations in the light most favorable to Plaintiff.  (Mot. to Amend March 21, 2011, Order on Mot. to Dismiss and Br. in Supp. Thereof at 2.)  In his reply, it is argued that the Court misapprehended when the "balancing of evidence" test is to be conducted under *Turner v. Safley*, 482 U.S. 78 (1987), misapprehended which party had the initial burden of

producing evidence under the *Turner* analysis, misapprehended facts pled by Plaintiff, and refused to recognized a liberty interest in accord with *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004).

Turning to my analysis, I first note that judgment was entered on March 22, 2011. Plaintiff's motion was filed on April 13, 2011, more than ten (10) days after entry of both the Court's Order and Judgment (excluding weekends and holidays as set forth in Fed. R. Civ. P. 6(a)(2)). Accordingly, the motion must be addressed under Fed. R. Civ. P. 60(b), not Rule 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (if a motion for reconsideration or to amend "'is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b)'") (quotation omitted).

Plaintiff did not address Rule 60(b) or set forth any grounds under that Rule that would require amendment of my Order. I note that "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgement." *Id.* at 1243-44. I find that Plaintiff has not shown that exceptional circumstances exist to amend my Order. I also find that none of the six grounds for relief under Rule 60(b) are present and that the motion must therefore be denied. Instead, Plaintiff "simply "reiterate[s] the original issues raised in their complaint and [seeks] to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position". *Id.* at 1244. "Such

arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Id.*; *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time or the original argument.").

However, I note that my decision that the motion should be denied would be the same under Rule 59(e). There are three major grounds that justify reconsideration or amendment under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

Turning to my analysis, I reject Plaintiff's arguments that I misapprehended the law or facts as pled by Plaintiff in my Order of March 21, 2011. I first address Plaintiff's argument that the prison administration must present evidence at trial or upon a Rule 56 motion that a rational relationship exists between its policies and goals, citing *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002). While this may be true in some contexts, my Order relied on the fact that the Tenth Circuit had previously found as a

matter of law that a rational relationship existed under circumstances nearly identical to this case. Thus, in 2002, the Tenth Circuit held that the interest in rehabilitating sex offenders is a valid one, and that the requirement for admission of responsibility at issue in Plaintiff's Fifth Amendment claim was considered a legitimate part of the rehabilitative process. (Order of March 21, 2011 at 10, citing *Searcy v. Simmons*, 299 F.3d 1220, 1227-28 (10th Cir. 2002)). Accordingly, I find that evidence was not required to decide the issue.

Plaintiff also argues that I improperly refused to consider his allegation that he proposed the alternative of granting him immunity when considering the third *Turner* prong - where there are obvious alternatives for the CDOC that would accommodate Plaintiff's rights at a *de minimus* cost. That argument was, however, considered and rejected at page 13 of my Order. I also reject Plaintiff's arguments that I did not conduct a proper balancing test under *Turner*.

Finally, as to the due process claim, I find no reason to reconsider or amend my ruling that Plaintiff does not have a cognizable liberty interest. I find, and continue to find, that this case is distinguishable from the *Beebe* case for the reasons discussed in my Order of March 21, 2011.

In short, Plaintiff has not shown that I misapprehended the facts, Plaintiff's position, or the controlling law. I have considered all of Plaintiff's arguments and find that they do not provide a basis to grant Plaintiff's motion and amend my Order. Accordingly, it is

ORDERED that Plaintiff's Motion to Amend March 21, 2011, Order on Motion to Dismiss and Brief in Support Thereof (ECF No. 45) is **DENIED**.

Dated: June 23, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge